IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JERALD E. WILSON                                          PLAINTIFF/RESPONDENT


V.                              No.  2:11-CV-02062-PKH


JAYON PEPPAS individually
and in his Official Capacity, and
CITY of ALMA, ARKANSAS                          DEFENDANT/PETITIONER

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Before the court is the Defendant's Motion to Dismiss (ECF No. 6) filed April 12, 2011.

The Plaintiff filed a Response (ECF No. 8) on April 26, 2011.  The matter was referred to the

undersigned on May 31, 2011 and is now ready for a Report and Recommendation.

## I.  Background

Plaintiff alleged that on or about September 29, 2009, the Defendant, Jayson Peppas,

received a report from a citizen, Ricky Merechka, concerning an alleged incident of theft by

deception by the Plaintiff; that in October, 2009, Defendant, Jayson Peppas, contacted the

Plaintiff about the report made by Ricky Merechka, and the Plaintiff voluntarily provided a

statement to Defendant, Jayson Peppas, during which he explained that he had done brick work

on a house owned by Mr. Merechka, and that the $4,000.00 paid by Mr. Merechka was payment

for the brick work performed by Plaintiff for Mr. Merechka; the Plaintiff also explained that he

had entered into an option to purchase a house from Mr. Merechka (a different house than the

one the brick work was completed on for Mr. Merechka), that he had decided not to go through

with the purchase of that house from Mr. Merechka, and that Mr. Merechka was upset with him

-1-

about that. (Complaint, ¶ 7)

Plaintiff further alleged that on or about December 15, 2009, the Defendant, Jayson Peppas, executed an Affidavit for Warrant of Arrest in which he stated that on or about July 16, 2009, the Plaintiff did unlawfully, feloniously and knowingly obtain the property of Ricky Merechka, valued at more that $2,500.00, by deception, with the purpose of depriving the owner thereof; and, that Defendant, Jayson Peppas, stated in his Affidavit for Warrant of Arrest that the victim gave Defendant $4,000.00 for the purchase of a house, and that the Defendant then backed out of the deal and refused to return the $4,000.00 to the victim. (Complaint, ¶ 8)

The Complaint also alleges that pursuant to the Affidavit for Warrant of Arrest prepared and executed by the Defendant, Jayson Peppas, a Warrant for the arrest of the Plaintiff was issued, and the Plaintiff was arrested on January 1, 2010, handcuffed, and incarcerated in the Crawford County Jail in Van Buren, Arkansas, and that Plaintiff was required to post a cash bond of $4,000.00 to secure his release from jail on January 2, 2010. (Complaint, ¶ 9) Plaintiff then alleged that on September 2, 2010, the criminal charge brought against him was dismissed by the Circuit Court of Crawford County, Arkansas pursuant to the Prosecuting Attorney's Motion for Nolle Prosequi. (Complaint, ¶ 10)

Plaintiff alleged that Defendant, Jayson Peppas, knew at the time of his preparation and execution of the aforementioned Affidavit for Warrant of Arrest that the $4,000.00 paid by the alleged victim to Plaintiff was for brick work performed by Plaintiff for the alleged victim, that the facts were not as stated in his sworn Affidavit, and that he did not have probable cause to initiate the criminal proceeding against the Plaintiff; or, in the alternative, that Defendant, Jayson Peppas, failed to adequately investigate the alleged victim's report to determine the true facts

prior to his preparation and execution of the aforementioned Affidavit for Warrant of Arrest, and his failure to investigate was intentional or in reckless disregard of the Plaintiff's rights. (Complaint, ¶ 11)

Plaintiff filed the current Motion to Dismiss contending that: (A) Plaintiff's claims against Jayson Peppas and in his official capacity as a police officer for the City of Alma, Arkansas and the City of Alma, Arkansas, are barred by sovereign immunity and should be dismissed and (B) that the Plaintiff has not alleged any violation of custom or policy.

## II.  Discussion

When considering a defendant's motion to dismiss, the court must construe a complaint liberally and assume all factual allegations to be true. Dismissal should not be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts that would entitle relief. *Goss v. City of Little Rock*, 90 F.3d 306 (8th Cir. 1996).  When a complaint is attacked by motion to dismiss for failure to state a claim upon which relief can be granted, the court is required to view the case in the light most favorable to the plaintiff and most unfavorable to the defendant and to accept as true all well pleaded allegations of fact contained in the complaint, and all inferences which may be reasonably drawn from the facts alleged, and the court is not to dismiss the complaint if it can be reasonably conceived that plaintiff upon trial can make case which would entitle him to relief. *Ketcher v. Sheet Metal Workers' Intern. Ass'n*., 115 F.Supp. 802 (E.D.Ark. 1953).

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, 101

S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978).  The Plaintiff's contention of false arrest and imprisonment states a violation of the 4th, 5th and 14th Amendments to the Constitution.  In this instance the Plaintiff has asserted that the Defendant was a duly appoint police officer for the City of Alma. and there is no dispute that Defendant Peppas was acting under color of state law.

**A.  11th Amendment Immunity claim:**

The Defendants first contend that they are immune from a 1983 lawsuit because of 11th Amendment immunity.

The Eleventh Amendment immunizes an unconsenting State from damage actions brought in federal court, except when Congress has abrogated that immunity for a particular federal cause of action. *See generally Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). In addition to barring all claims brought directly against a state or state agency, the Eleventh Amendment protects state officials sued in their official capacities from all claims, with the exception of certain claims for prospective, equitable relief. *See Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir.1997). Section 1983 does not override Eleventh Amendment immunity. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63, 109 S.Ct. 2304, 2308, 105 L.Ed.2d 45 (1989), construing *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

On the other hand, Eleventh Amendment immunity does not extend to independent political subdivisions created by the State, such as counties and cities. *See Lincoln County v.*

*Luning,* 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed. 766 (1890). *Hadley v. North Arkansas Community*

*Technical College,* 76 F.3d 1437, 1438 (C.A.8 (Ark.),1996). *See also Monell v. Dept. of Social*

*Services of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)( "Our holding today

is, of course, limited to local government units which are not considered part of the State for

Eleventh Amendment purposes.") . The Defendant's claim of absolute immunity based upon the

11th Amendment is misplaced, however, it does not follow that absolute or qualified immunity

would not be available to the Defendants after proper development of the case.

     **1. Individual Capacity Claim:**

     Under § 1983, a defendant may be sued in either his individual capacity, or in his official

capacity, or claims may be stated against a defendant in both his individual and his official

capacities. In *Gorman v. Bartch*, 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit discussed the

distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those
> in their official capacities as to the type of conduct that is actionable and as to the
> type of defense that is available. *See Hafer v. Melo*, 502 U.S. 21, 112 S. Ct. 358,
> 116 L. Ed. 2d 301 (1991). Claims against individuals in their official capacities
> are equivalent to claims against the entity for which they work; they require proof
> that a policy or custom of the entity violated the plaintiff's rights, and the only
> type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-
> 27, 112 S. Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are
> those which allege personal liability for individual actions by officials in the
> course of their duties; these claims do not require proof of any policy and
> qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S. Ct.
> at 362.

*Gorman*, 152 F.3d at 914.

     The Eighth Circuit has advised plaintiffs to specifically plead whether government agents

are being sued in their official or individual capacities to ensure prompt notice of potential

personal liability.  *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).  *See also Andrus v. Arkansas*, 197 F.3d 953 (8th Cir. 1999)(In actions against officers specific pleading of individual capacity is required to put public officials on notice they will be exposed to personal liability).

In the present case the Plaintiff's caption in the complaint states that the named defendant is being sued "Individually and in his official capacity". (ECF No. 6).  The Plaintiff alleges that Jayson Peppas received the initial report by Ricky Merechka.  The complaint does not state if the officer spoke with the witness personally or had an affidavit signed by the witness.  The Defendant spoke with the Plaintiff who gave a statement to the officer.  The Plaintiff contends that the officer misrepresented the known facts on the Affidavit for his warrant of arrest. The Plaintiff has clearly set forth facts asserting his claim against Jason Peppas individually and the Motion to Dismiss as to the individual claim against Jason Peppas should be denied.

**2.  Official Capacity Claim:**

The Plaintiff has asserted a claim against Defendant Peppas and the City of Alma in their official capacity. A suit against a public official in his official capacity is nothing more than a suit against the governmental unit of which the individual is an official. *Kentucky v. Graham*, 473 U.S. 159 (1985).

**B.  No allegation of custom or usage**

The Defendant has asserted that the Plaintiff has not alleged any violation of custom or policy. In an official capacity suit, the Plaintiff must show that the constitutional violation was the result of governmental custom or policy. *Stauch v. City of Columbia Heights*, 212 F.3rd 425 (8th. Cir. 2000).  A governmental body cannot be held liable under §1983 merely because it

employs a tortfeasor.  *Monell v. Dept. of Social Services*, 436. U.S. 658, 691 (1961). When there is no evidence of a formal policy, there must be evidence of a pattern of unconstitutional conduct sufficient to establish a custom. *Parrish v. Luckie*, 963 F.2d 201 (8th Cir. 1992). Evidence of a single incident is not evidence of a custom. *Oklahoma City v. Tuddle*, 471 U.S. 808 (1985).

The Plaintiff's Complaint is completely devoid of any alleged custom or policy of the City of Alma which resulted in a violation of his constitutional rights.  In his complaint the Plaintiff states that Defendant Peppas did not have probable cause to initiate criminal proceedings against him (ECF No. 1, ¶ 18) and that he did so out of hatred, ill will, or a spirit of revenge. (Id., ¶ 19).  There is nothing alleging a custom or policy by the City of Alma concerning police officers issuing affidavits for warrants of arrest that are not based on probable cause.

### III.  Conclusion

Based upon the above it is the Court's Recommendation that the Motion be GRANTED in PART and DENIED in PART. Specifically the Court Recommends that the Motion to Dismiss as to the Individual Capacity Claim against Jayson Peppas be DENIED, and that Plaintiff be given fourteen days to file an Amended Complaint pursuant to Rule 15(a)2(2) of the Federal Rules of Civil Procedure and in the event an Amended Complaint is not timely filed  the Motion as to the City of Alma should be GRANTED but without prejudice.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo**

**review by the district court.**

DATED this 3rd day of June 2011.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE